UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

SALOMON HERNANDEZ-VEGA,    )
                           )
        Petitioner,        )
                           )
    v.                     )  Case No. 16-1214
                           )  Crim. Case No. 13-10015
UNITED STATES OF AMERICA,  )
                           )
        Respondent.        )

## ORDER AND OPINION

This matter is now before the Court on Petitioner Hernandez-Vega's § 2255 Motion to Vacate, Set Aside, or Correct Sentence. For the reasons set forth below, Petitioner's Motion [1] is Denied.

### BACKGROUND

Petitioner was sentenced on a charge of illegal re-entry and received a guidelines enhancement for having a prior conviction for robbery. He now brings this § 2255 action seeking to vacate, set aside, or correct his sentence pursuant to *Johnson v. United States*, 135 S.Ct. 2251 (2015), arguing that the prior conviction for robbery no longer qualifies as a "crime of violence" under the Guidelines. This Order follows.

### STANDARD OF REVIEW

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan*

*v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993). A § 2255 motion is not, however, a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S.Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698.

## ANALYSIS

Petitioner claims in his § 2255 Motion that his sentence is invalid because the Court found that he was eligible for an enhanced sentence based on a finding that he had committed a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines. That Section of the Guidelines provides for a 12 or 16 level increase if the defendant was previously deported after committing a crime of violence. "Crime of violence" is defined as "any of the following offenses under federal, state, or local law: . . . robbery . . . or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 *Application Note 1(B)(iii)*.

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act violates due process because the clause is too vague to provide adequate notice. *Johnson v. United States*, 135 S.Ct. 2551 (2015). The residual clause of the ACCA struck down by the Supreme Court has been extended to the residual clause in 18 U.S.C. § 16(b), which is similar to the definition applied in § 2L1.2. In *Price v. United States*, the Seventh Circuit held that *Johnson* announced a new substantive rule of constitutional law that the Supreme Court has categorically made retroactive to final convictions. 795 F.3d 731, 732 (7th Cir. 2015). That

decision also made clear that *Johnson* is retroactive not only to cases on direct appeal, but also to cases on collateral review. *Id.*

Petitioner's Motion seeks to invoke *Johnson*, claiming that his sentence was enhanced based on a conviction using the residual clause under the guidelines. However, *Johnson* invalidated only the residual clause of the Armed Career Criminal Act, while Petitioner qualified for a sentence enhancement under the enhancement provision in § 2L1.2 of the Sentencing Guidelines, not the ACCA.  In *United States v. Hurlburt*, ___ F.3d ___, 2016 WL 4506717 (7th Cir. Aug. 29, 2016), *Johnson* was recently extended to direct appeals challenging enhancements under the sentencing guidelines, such as the career offender provision. That being said, the holding has not been extended to apply retroactively to these cases on collateral review.  *Id.*; s*ee also, Garecht v. United States*, 2016 WL 3581994 (C.D.Ill. June 28, 2016).  This question is currently pending before the United States Supreme Court in *United States v. Beckles*, 616 Fed.Appx. 415 (11th Cir. 2016), cert. granted, No 15-8544 (U.S. June 27, 2016).  Until *Johnson* is extended to guidelines challenges on collateral review, Petitioner's Motion is technically premature.

However, even assuming that *Johnson* could be applied under the circumstances of this case, the record indicates that Petitioner would not be entitled to relief as the conviction qualifying him for the enhancement did not invoke the residual clause.  Rather, the prior conviction was for robbery under Illinois law, and the Government argues that the robbery conviction qualified as a crime of violence under the elements clause of U.S.S.G. § 2L1.2 or 18 U.S.C. § 16(a), as it "has as an element the use, attempted use, or threatened use of physical force against the person of another."  Convictions qualifying under the elements clause were unaffected by the holding in *Johnson*.

Evaluating prior convictions to determine whether they qualify as violent felonies implements a categorical approach that looks at the elements of the statute itself, not the particular facts underlying the conviction. *Taylor v. United States*, 495 U.S. 575, 600 (1990); *United States v. Rogers*, 804 F.3d 1233, 1236 (7th Cir. 2015). As Petitioner's prior robbery conviction came out of Illinois, the Court must turn to Illinois law to evaluate the elements of the offense. Petitioner was charged with and convicted of robbery under 720 ILCS 5/18-1. This section provides: "A person commits robbery when he or she takes property, except a motor vehicle covered by Section 18-3 or 18-4, from the person or presence of another by the use of force or by threatening the imminent use of force." Accordingly, the elements of robbery clearly included the use, attempted use, or threatened use of physical force against the person of another and would continue to qualify as a "violent felony" or "crime of violence" under the elements clause even in the wake of *Johnson*. *See also*, *United States v. Carter*, 910 F.2d 1524, 1532 (7th Cir. 1990) (holding that in Illinois, robbery is a crime of violence under the USSG "because it is defined as the taking of property 'by the use of force or by threatening the imminent use of force'"); *United States v. Dickerson*, 901 F.2d 579, 583-85 (7th Cir. 1990); *Gregory v. United States*, 2016 WL 3916981 at *2 (S.D.Ill. July 20, 2016).

The Court would also note that robbery continues to be one of the crimes specifically enumerated in § 2L1.2 Application Note 1(B)(iii), which defines a crime of violence for purposes of § 2L1.2(b)(1). As "enumerated clauses" listing specific offenses deemed to be crimes of violence were also undisturbed by *Johnson*, his claim would fail for this reason, as well. Therefore, Hernandez-Vega is not entitled to relief under *Johnson*, and his Motion must be denied.

## CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, even when the questions of applicability and retroactivity of *Johnson* to cases challenging guidelines enhancement cases under the USSG on collateral review are construed in his favor, no reasonable jurist could conclude that Petitioner's claims were not either devoid of factual support or flatly contradicted by Federal law. Accordingly, this Court will not issue him a certificate of appealability.

## CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 USC § 2255 [1] is DENIED. This matter is now terminated.

ENTERED this 4th day of November, 2016.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge
